KLOP *v.* VANDEN BOS.

1. NEGLIGENCE—FIREARMS—PERMITTING SON TO USE SHOTGUN.
   Where 18-year-old boy was normal, had used shotgun on occasions for two years, knew how to handle it, and was perfectly familiar with its use, there was no negligence on part of his father in permitting son to use gun for hunting.

2. SAME—EVIDENCE—DIRECTED VERDICT.
   Where, in action against father and son for alleged negligent death of 12-year-old boy from gunshot wounds inflicted by gun in hands of son, evidence showed no negligence on part of father, court should have so instructed jury.

3. SAME—NEW TRIAL.
   Where, in action for negligence against father and son, verdict was rendered in favor of both, and evidence shows no negligence on part of father, court properly entered judgment in his favor and denied motion for new trial as to him.

4. APPEAL AND ERROR—NEW TRIAL—QUESTIONS REVIEWABLE.
   Where verdict was rendered in favor of two defendants, and new trial was granted as to one, from which he took no appeal, questions involved in his case are not before Supreme Court for consideration on plaintiff's appeal from order entering judgment in favor of other defendant and denying new trial as to him.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 5, 1933. (Docket No. 43, Calendar No. 36,916.) Decided May 16, 1933.

Case by Richard Klop, as administrator of the estate of Johannes Klop, deceased, against Cornelius Vanden Bos, Sr., and Cornelius Vanden Bos, Jr., for personal injuries resulting in death of plaintiff's decedent alleged to be due to the negligence of defendants. Verdict for both defendants. Judgment

was entered for Cornelius Vanden Bos, Sr., and new trial granted as to Cornelius Vanden Bos, Jr. Plaintiff appeals. Affirmed.

*William J. Howard,* for plaintiff.

*Charles H. Farrell* and *Charles L. Dibble,* for defendants.

McDONALD, C. J. This action was brought to recover damages for injuries resulting in the death of Johannes Klop, a 12-year old boy who died from gunshot wounds inflicted by defendant Cornelius Vanden Bos, Jr.

The deceased in company with the defendant Cornelius Vanden Bos, Jr., and his younger brother, John Vanden Bos, went hunting rabbits. On returning from the hunt they passed through an open field. Cornelius was a short distance in advance of the other two boys. He carried a loaded doublebarreled gun across his left arm. His attention was attracted to the boys behind him, and he turned about towards them with his gun pointing directly at the deceased. In some manner not clearly shown by the record, the gun was discharged, and the shot struck the deceased in the abdomen inflicting wounds from which he died a few hours later. It was the claim of the plaintiff that Cornelius either intentionally pointed the gun at the deceased or handled it so negligently that it became pointed at him and was discharged. Cornelius Vanden Bos, Sr., the father of Cornelius, Jr., owned the gun. He was made a party defendant on the theory that, considering the age and inexperience of his son, he was negligent in permitting him to use the gun.

On the trial, the defendants contended that the discharge of the gun was merely accidental, and that

there was no actionable negligence on ·the part of either defendant. The jury evidently took this view of it, and rendered a verdict of no cause of action as to both defendants.

On motion of the plaintiff, the court granted a new trial as to Cornelius Vanden Bos, Jr., but entered a judgment on the verdict in favor of the father. The plaintiff has appealed.

It is the contention of the plaintiff that the trial court should have instructed the jury that the defendant Vanden Bos, Sr., was guilty of negligence as a matter of law, and, failing to do so, should have granted a new trial.

The evidence shows that Cornelius, Jr., was a normal boy, 18 years of age. He had used the gun on occasions for two years. In his testimony he demonstrated to the court and jury that he knew how to handle it and was perfectly familiar with its use. In fact, it appeared, as is usual with a boy of his age, that he knew more about guns than his father. The record shows no negligence on the part of the father. The court should have so instructed the jury. Not having done so, he was right in refusing to grant a new trial.

Both counsel have briefed the questions involved in the case of Cornelius Vanden Bos, Jr., and we are asked to consider them. As a new trial was granted in that case, from which there could be no appeal, the questions are not here for consideration.

The judgment is affirmed, with costs to Cornelius Vanden Bos, Sr.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.